[Civil No. 3092. Filed February 1, 1932.]

[7 Pac. (2d) 619.]

THE MURRAY COMPANY, Appellant, v. JAMES B. BUTTON, Superintendent of Banks of the State of Arizona, and *Ex-officio* Receiver of the YUMA VALLEY BANK, a Corporation, Insolvent, Appellee.

Mr. A. J. Eddy, for Appellant.

Mr. R. N. Campbell and Mr. H. F. Colman, for Appellee.

McALISTER, C. J.—This is an action by the Murray Company of Dallas, Texas, praying that its claim for a preference filed with James B. Button, Superintendent of Banks, against the Yuma Valley Bank, insolvent, be allowed, and from an order denying this relief the plaintiff appeals.

It appears that on June 10, 1930, the Murray Company became the owner of a cashier's check issued in its favor by the Yuma Valley Bank for $2,239.07 and that on the same day it deposited this check in the First National Bank of Dallas. The latter forwarded it to the Los Angeles branch of the Federal Reserve Bank of San Francisco which in turn sent it, along with other collection items, to the Yuma Valley Bank where it was received on June 17th and paid later the same day by that bank's forwarding to the Federal Reserve Bank its draft for $11,116.28 on the Citizens' National Trust and Savings Bank at Los Angeles, which amount was in settlement of both the check and the items that were sent with it. Upon receipt of this draft the Federal Reserve Bank of San Francisco sent it to the drawee therein, Citizens' National Trust and Savings Bank, for payment but it was dishonored and payment refused upon presentation because the Yuma Valley Bank had been taken over by the Superintendent of Banks for liquidation, and the Federal Reserve Bank thereafter returned it to the receiver of the insolvent and demanded of him a return of the checks, or the amount thereof, but this was also refused.

Thereupon the Federal Reserve Bank of San Francisco as agent of the various banks and persons which

had forwarded checks and drafts through it presented to the receiver of the Yuma Valley Bank its claim for preference for $11,116.28, which included the claim of the Murray Company for $2,239.07, but the receiver acting upon an order of the superior court of Yuma county refused to allow the preference and the Murray Company, in so far as the order applies to the claim presented for it, has brought it here for review.

This appeal is based upon the same proposition that was urged in *Security Trust & Savings Bank* v. *Button, ante,* p. 406, 7 Pac. (2d) 245, and that is that forwarding checks to a bank for collection creates the relation of principal and agent between the sender and the collecting bank and that this relation continues throughout the transaction and is by no subsequent act changed to that of debtor and creditor. This contention, however, was not sustained, the holding being that the relation between the transmitting and receiving banks, where paper is forwarded for collection and remittance with the express understanding that the proceeds should be forwarded by the draft of the collecting bank, creates the relation of debtor and creditor and not that of trustee and beneficiary. The parties, it is true, understood in that case, if not expressly, certainly as a result of a custom long in use between them, that the draft of the drawee of the check, the collection agent, would be sent in payment, while in this case the check was sent for collection without any specific direction as to the manner in which remittance should be made. However, this did not call for the application of a different rule in view of the fact that the custom of banks to mingle the proceeds with their own funds and remit by forwarding their draft or check, when they have made collections for others without any definite understanding as to remittance, is so well established and generally known that knowledge of it is imputed

to the courts. A statement of the rule by the Supreme Court of Washington is found in *Bowman* v. *First National Bank,* 9 Wash. 614, 43 Am. St. Rep. 870, 38 Pac. 211. It used this language:

"The custom of banks in regard to making collections and remitting therefor is so well established, and has become so universally known, that knowledge thereof must be imputed to the courts, and they are therefore required to take judicial notice of the fact that a bank, when it makes a collection for a foreign correspondent, never, unless specially directed so to do, remits the specie collected, but, instead thereof, always takes the specie to its own use, and sends therefor its draft or certificate of deposit."

In *State* v. *McKinley County Bank,* 32 N. M. 147, 252 Pac. 980, appears this language:

"The custom of banks to remit by exchange is so universal as properly to be matter of judicial notice. A requirement that the very money collected be remitted is so contrary to the customs of banking that it cannot be implied. *First Nat. Bank of Richmond (Bowman)* v. *Davis,* 114 N. C. 343, 41 Am. St. Rep. 795, 19 S. E. 280. It follows, then, that the appellees consented to such legal relation as would necessarily follow when such a remittance was made. They agreed, in lieu of the very money collected, or of any money, to receive the bank's draft on its correspondent or depository."

Discussing this question, Thompson in his work on Corporations, volume 8, page 349, uses this language:

"In dealing with the rights of depositors or persons sending claims through banks for collection, it must be recognized as a universal custom that the collecting banks do not transmit, nor is it intended or expected that they shall transmit the actual money or funds received from the maker or drawee of the paper to be collected. The proceeds of such paper are invariably remitted by the bank's check or draft on some bank where it has funds on deposit and which it uses as its correspondent. From this cus-

tom it follows that in the absence of any arrangement to the contrary the collecting bank becomes the owner of the money collected and is under no obligation to pay or remit the identical money received, but an amount of equal value only.''

The order denying appellant's claim a preference is affirmed.

ROSS and LOCKWOOD, JJ., concur.