[Civil No. 3085. Filed March 30, 1932.]

[9 Pac. (2d) 414.]

CALIFORNIA LIVESTOCK COMMISSION COM-PANY, a Corporation, Appellant, v. JAMES B. BUTTON, Superintendent of Banks of the State of Arizona and *Ex-officio* Receiver of the Yuma Valley Bank, a Corporation, Insolvent, Appellee.

Mr. Clement H. Colman, Mr. Robert H. Dunlap and Mr. George R. Larwill, for Appellant.

Mr. R. N. Campbell and Mr. H. F. Colman, for Appellee.

McALISTER, C. J.—The California Livestock Commission Company, a corporation, brought an action against James B. Button, superintendent of banks, to compel him to give a preferred status to its claim for the amount of a draft issued by the Yuma Valley Bank which at the time of its presentation for payment had gone into his hands for liquidation, and from an order denying this relief but allowing the claim as a general one it appeals.

On June 12, 1930, appellant, whose place of business was in Los Angeles, California, drew its draft on

R. E. Crowder of Yuma, Arizona, for $5,000 and deposited it for collection with the Citizens' National Trust and Savings Bank of Los Angeles, Branch No. 22, the same day. Its account was immediately credited with this sum and two days later the draft was forwarded by this bank to the Yuma Valley Bank at Yuma, Arizona, for collection and remittance. It was received the same day and immediately presented for payment to the drawee, Crowder, who was a depositor in that bank. His account at that time had to its credit more than $5,000 and he instructed the bank to pay the draft, which was done on June 16, 1930, by charging his account with the amount thereof. Thereupon the Yuma Valley Bank drew its draft in payment for $5,000 on the Citizens' National Trust and Savings Bank of Los Angeles and the following day forwarded it to the drawee but it did not reach Branch 22 thereof until June 20th. The next day, June 21st, it was forwarded to the head office of the Citizens' National Trust and Savings Bank, which immediately notified Branch 22 that the Yuma Valley Bank had closed its doors the day before and the draft would not be paid.

Thereupon the account of the California Livestock Commission Company at Branch 22 was charged back with the $5,000 and thereafter that company presented its claim to the superintendent of banks requesting that it be given a preferred status but this was denied, the claim being allowed as a general one. Thereafter it was presented in a proper proceeding to the superior court of Yuma county which sustained the action of the receiver, and it is this order the appellant has brought here for review.

Several errors are assigned but they each grow out of the contention that when appellant forwarded through the Citizens' National Trust and Savings Bank, Branch 22, the draft in question to the Yuma Valley Bank for collection and remittance the relation

of principal and agent between the sender and the collecting bank was created and this continued throughout the transaction, since no subsequent act on the part of either had the effect of changing it to that of debtor and creditor. This same contention was made in the recent case of *Security Trust & Savings Bank* v. *Button,* 39 Ariz. 406, 7 Pac. (2d) 245, and again in *The Murray Co.* v. *Button,* 39 Ariz. 461, 7 Pac. (2d) 619, but it was not upheld in either, the following language being used in the latter:

"This contention, however, was not sustained, the holding being that the relation between the transmitting and receiving banks, where paper is forwarded for collection and remittance with the express understanding that the proceeds should be forwarded by the draft of the collecting bank, creates the relation of debtor and creditor and not that of trustee and beneficiary. The parties, it is true, understood in that case, if not expressly, certainly as a result of a custom long in use between them, that the draft of the drawee of the check, the collection agent, would be sent in payment, while in this case the check was sent for collection without any specific direction as to the manner in which remittance should be made. However, this did not call for the application of a different rule in view of the fact that the custom of banks to mingle the proceeds with their own funds and remit by forwarding their draft or check, when they have made collections for others without any definite understanding as to remittance, is so well established and generally known that knowledge of it is imputed to the courts."

It is clear under the holdings in these two cases that when the Yuma Valley Bank collected the draft by charging the drawee's account therewith and in accordance with the customs of banks under such circumstances forwarded its draft to the Citizens' National Trust and Savings Bank of Los Angeles in payment, title to the proceeds of the draft on Crowder vested in it and the relationship between the sender

and the collector changed from that of principal and agent to that of creditor and debtor. And this being true the proceeds of the draft did not pass to the receiver impressed with a trust in favor of appellant but as a part of the assets of the Yuma Valley Bank. The act of the latter in mingling the proceeds of the collection with its funds and issuing its draft in payment did not, it is true, have this effect, for a bank cannot by its own act make itself the debtor of the owner of paper sent it for collection and remittance, but the fact that the forwarding bank consented in advance for the owner that this course might be pursued in remitting the proceeds did bring about this result. And while this consent was not specifically expressed in the letter of transmittal it was clearly implied from the circumstances. Nothing more is required to disclose it than the fact that the custom of banks in such cases is to mingle the proceeds of the collection with their funds and remit by forwarding their own drafts on a corresponding bank, a practice so well established and universally followed that knowledge of it is imputed to the courts, and necessarily to banks forwarding paper merely for collection or for collection and remittance without further directions.

The order of the trial court declining to give appellant's claim a preferred status was correct and it is, therefore, affirmed.

ROSS and LOCKWOOD, JJ., concur.