Appellants filed claims with the receiver of the Yuma Valley Bank, James B. Button, asking that they be given a preference. This relief was not granted by him, and the trial court to which they were presented likewise denied it but allowed them as general claims, and each of the claimants has appealed from this order.
There are four claims involved, namely, State Securities Corporation for $800, Struckmeyer and Jennings *Page 70 
for $750, Phoenix Auto Supply Company for $57.50, and Claude Monier for $2,000, but the facts relative to each are so nearly the same that a statement of those upon which any one of them is founded will be sufficient for the purposes of this appeal.
On June 16, 1930, Mary E. Bonar drew a check for $800 on the Security Trust and Savings Bank of Yuma, Arizona, payable to the order of the State Securities Corporation, and on the same day the payee deposited it with the First National Bank of Phoenix for collection. Thereupon this bank transmitted the check, together with other items, to the Yuma Valley Bank accompanied by a letter, stating among other things, "enclosed please find for Credit or Remittance items listed below." The following day, June 17th, the check was presented by the Yuma Valley Bank to the Security Trust and Savings Bank for payment and it was satisfied by an exchange of credits, the amount thereof being charged by the Security Trust and Savings Bank to the account of the drawer, Mary E. Bonar. The same day the Yuma Valley Bank drew its draft on the Citizens' National Trust and Savings Bank of Los Angeles for $1,533.80, which covered this check and other items, and transmitted it to the First National Bank of Phoenix, which, upon receiving it, forwarded it to the drawee, Citizens' National Trust and Savings Bank for payment, but due to the fact that the Yuma Valley Bank was taken over by the superintendent of banks on June 20th payment was refused.
There are several assignments but they are each based upon the contention that when a forwarding bank sends commercial paper to a correspondent bank for collection and remittance the relation of principal and agent is created between the owner of the check and the collecting bank, the moneys thus collected becoming trust funds in the hands of the latter. We have recently held that when commercial paper *Page 71 
is forwarded to a bank for collection and remittance without any specific direction as to the manner in which remittance should be made the relation of principal and agent, if it existed so far as the paper itself was concerned prior to its collection, changed to that of debtor and creditor upon the collection of the proceeds and the issuance of the collecting bank's draft in payment. This, however, is due not to the act of the collecting bank in mingling the proceeds and substituting therefor its own paper in payment but to the fact that the forwarding bank agreed to it when it sent the paper for collection and remittance without further direction knowing that it was practically a universal custom among banks for the one making the collection under such circumstances to mingle the proceeds and forward in their stead its own paper in payment. The Murray Company v.Button, 39 Ariz. 461, 7 P.2d 619; California LivestockCommission Co. v. Button, ante, p. 65, 9 P.2d 414;Security Trust Savings Bank v. Button, 39 Ariz. 406,7 P.2d 245. The holding in these cases is decisive of the proposition presented by this appeal.
The judgment is affirmed.
ROSS and LOCKWOOD, JJ., concur.